[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OFFER OF TRANSCRIPT OF JUROR MISCONDUCT HEARING IN STATE V. RUEBEN SANTIAGO
The petitioner brings this petition for a new trial pursuant to Conn. Gen. Stat. § 52-270 from his conviction for charges arising from an incident, which occurred at the Enfield Correctional Center on September 28, 1990 which resulted in the death of a prison inmate. On March 27, 1995, the petitioner was sentenced for each of the three counts on which he was found guilty. Prior to said sentencing the trial judge, the Honorable Raymond Norko, held a juror misconduct hearing as a result of written claims made by juror on said trial, Donna Weingart. Ms. Weingart testified in the hearing on this petition for a new trial which is based on the failure of a juror, Kathleen Greco, to disclose on voir dire in the petitioner's criminal trial that her son had been beaten about two and one half (2 1/2) months before said voir dire. The respondent has moved to offer the transcript of the hearing before Judge Norko as evidence relevant to Ms. Weingart's bias and credibility. The petitioner objects claiming that the transcript: (1) contains the testimony of several witnesses who were neither present nor shown to be CT Page 278 unavailable 2 for this hearing; (2) contains the testimony of Donna Weingart who testified in this hearing but was not shown to have testified inconsistently from her testimony in said transcript; and (3) constitutes a record of a prior hearing that focused on different issues, and to the extent some of the prior hearing testimony is relevant to the claim herein, the petitioner did not have an opportunity to cross-examine.
 I.
Both the petition for a new trial standard and the habeas standard rely essentially on a determination by the reviewing court — either the trial court passing on a petition for a new trial, or a habeas court passing on a claim of ineffectiveness of counsel — that, considering the evidence and claims now brought before it, together with the evidence produced at the original trial, there is a probability of a different result. Summerville v. Warden, 229 Conn. 397, 431. The court here must determine whether the present claim of juror misconduct is sufficiently similar to the previous claim raised before the trial court. For that purpose all aspects of the inquiry and decision must be considered.
 II.
Although in the present matter a claim that the out-of-court statements are inconsistent with the witness' present court testimony is not essential to the offer for the purposes of testing credibility and motive, bias and interest such inconsistency has been claimed. Such statements, made as they are as sworn testimony, render them reliable and to be used for substantive purposes. State v. Whelan, 200 Conn. 743, 752.
 III.
To what extent the transcript offer is beyond or not relevant to the claims made herein will have to be separately determined. However, as noted in Section I above the present claims of juror misconduct appear to be sufficiently similar to the previous claim before the Trial Court.
For the above reasons the objection of the petitioner to the offer of the transcript is overruled.
Thomas H. Corrigan CT Page 279
Judge Trial Referee